■ Rontee & Co., Respondent, v Sonya Janoff, Also Known as Sonny Gale, Appellant. [637 NYS2d 402] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered April 13, 1994, which, *inter alia*, denied defendant's cross motion to vacate the judgment of June 26, 1989; and order of the same court and Justice, entered April 14, 1994, which, *inter alia*, denied defendant's application seeking a rehearing of the prior vacatur motion and imposed sanctions of $2500 each against defendant and her attorney, unanimously affirmed, with two separate bills of $250 costs plus disbursements of these appeals. Appeal from judgment of the same court and Justice, entered June 26, 1989, unanimously dismissed, without costs, as untimely.

As defendant has failed to offer any excuse, let alone a reasonable one, for her deliberate failure to comply with the court's prior order requiring her to post an undertaking and deposit monthly rents with the court upon requesting an additional adjournment of the trial of this action, it is clear her answer was properly stricken in 1989 and that her 1993 cross motion to vacate the resulting 1989 judgment was properly denied (*see, Mercado v Allstate Life Ins. Co.*, 193 AD2d 476). Defendant also failed to offer a meritorious defense to this action (*supra*). The evidence clearly demonstrates that plaintiff has legal standing to bring this action. Defendant has also failed to provide a reasonable excuse for the four year delay in seeking to vacate the 1989 judgment (*see, Berkshire Bank v Mirabella*, 200 AD2d 530).

In light of defendant's repeated dilatory tactics and frivolous conduct in this matter, it was a proper exercise of discretion for the IAS Court to sanction both defendant and her counsel (*see, Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 32-33, *lv denied and dismissed* 80 NY2d 1005).

The appeal from the judgment entered June 26, 1989, served with notice of entry on June 28, 1989, is untimely pursuant to CPLR 5513 (a).

We have considered defendant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross and Williams, JJ.