| **Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP** |
|:---:|
| 2025 NY Slip Op 31813(U) |
| May 19, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652711/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. ARLENE P. BLUTH** | PART **14** |
| *Justice* | |

-------------------------------------------------------------------------------X

PATTERSON BELKNAP WEBB & TYLER LLP,

        Plaintiff,

    - v -

MARCUS & CINELLI LLP, DAVID P. MARCUS, BRIAN L. CINELLI, JOHN DOES,

        Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652711/2022 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 018 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 018) 405, 406, 407, 408, 409, 410, 411, 412, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431

were read on this motion to/for                 VACATE - ORDER         .

Defendants Marcus & Cinelli LLP and David P. Marcus' (collectively, the "Moving Defendants") motion to vacate this Court's order striking their answer is denied.

**Background**

Plaintiff obtained a judgment in 2013 against non-party Barbara Stewart for over $2 million arising out of past legal services and served her with a restraining notice in 2013. That restraining notice prohibited her from selling or transferring any property until the judgment was satisfied. Plaintiff claims that it also sent Moving Defendants, lawyers who were then representing Ms. Stewart, a copy of the restraining notice by email. Plaintiff has not received a single payment and the judgment now exceeds $3 million (as interest has accrued).

Moving Defendants seek to vacate this Court's order dated January 28, 2025 (NYCEF Doc. No. 356), which struck their answer for failure to comply with prior discovery orders. The Court's decision stressed that the Moving Defendants had more than a year to turn over relevant

documents and did not offer a reasonable excuse for their failure to produce documents that should clearly be in their possession. For instance, the Moving Defendants did not adequately address why they failed to produce a 2014 email sent by plaintiff to defendant Marcus that contained the restraining notice at the heart of this case (*id*. at 5). However, the Court expressly invited the Moving Defendants to seek vacatur of the order in the event that they fully complied with their discovery obligations. The Court emphasized that any such motion would have to "address any deficiencies or gaps in the production" (*id*. at 7). This is that motion.

Moving Defendants contend that they have fully complied with their discovery obligations and have turned over all of the relevant documents. They uploaded a supplemental production to NYSCEF in February 2025 (NYSCEF Doc. Nos. 370-382). Defendant Marcus submits an affirmation that emphasizes this point (NYSCEF Doc. No. 407). Mr. Marcus contends that he searched for the 2014 email (the one where plaintiff emailed him a copy of the restraining notice) but was unable to locate it (*id*. ¶ 38). He adds that his firm was hacked in 2017 and that he hired an IT company to fix the issue (*id*. ¶ 40). Mr. Marcus adds that in October 2022, he "detected that many of the e-mails I had deleted from my inbox but had not permanently deleted could not be located. I contacted the IT company that hosted the e-mail, and they worked with me to retrieve from their server various files that I was searching for, unrelated to this case, that could not be found on my computer" (*id*. ¶ 40). He then stressed that "When I later noticed that e-mails were still being permanently deleted, I asked IT in August 2024 to enable me to access their archived file server rather than having them perform searches I could do myself. I am not able to (and would not) remove or add documents to their server but am limited to running searches somewhat akin to Westlaw or Lexis" (*id*. ¶ 41).

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**          **Page 2 of 8**
**Motion No.  018**

Moving Defendants argue that all prior discovery issues have now been resolved and nothing insidious happened. They acknowledge that there were some issues with the production of documents that have now been resolved. Moving Defendants claim every single known document was produced including documents that were initially withheld due to privilege.

Moving Defendants insist that they have turned over everything they have in their possession. They point to the sheer volume of the documents they have produced and argue that there is nothing that has been raised that shows any intentional withholding of documents. Moving Defendants argue that the documents that are not in their possession cannot be turned over.

In opposition, plaintiff emphasizes that it does not know the extent of what has not been produced by the Moving Defendants. It points out that this Court ordered the Moving Defendants to produce certain records in a January 2024 order and that Moving Defendants' subsequent efforts to comply are wholly substandard. It claims there are specific categories of documents that have apparently been withheld or the Moving Defendants have not adequately explained why they do not exist including records about partnership distributions and bank statements.

Plaintiff argues that Mr. Marcus failed to identify the IT company that purportedly began archiving the Moving Defendants' emails back in 2017. It also highlights that Mr. Marcus' admission that he realized that certain deleted (but not permanently deleted) emails could not be located happened in October 2022, two months after this litigation began, but he failed to tell plaintiff about any of this until the instant motion was filed. Plaintiff complains that Mr. Marcus also omitted any mention of his August 2024 efforts to access the IT company's server to locate emails relevant to this case even though the parties were engaged in multiple meet and confer sessions.

652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 3 of 8
Motion No.  018

3 of 8

[* 3]

**Discussion**

As Moving Defendants seek to vacate this Court's prior order, it is their burden to raise, in the first instance, a reasonable excuse for their failure to comply with this Court's prior order (*Rontee & Co. v Janoff*, 224 AD2d 227, 227, 637 NYS2d 402 [1st Dept 1996]). Of course, they must also demonstrate that they have now complied with their discovery obligations.

Although this Court specifically gave Moving Defendants a chance to get this case back on track, the record on this motion raises new concerns about the Moving Defendants' conduct in discovery. Mr. Marcus' affirmation in support acknowledges, apparently for the first time, existential issues about the universe of documents available to the Moving Defendants. Purportedly as a result of a hack in 2017, Moving Defendants tasked an IT company to archive all of their emails to ensure that they were preserved and yet Mr. Marcus did not notice until October 2022 that emails he had deleted (but not permanently deleted) could not be located. Mr. Marcus' affirmation is wholly silent about what happened during these five years and whether he had noticed this issue occurring during this time period. More importantly, he did not describe in any sufficient detail whether he was ever able to find these emails or explain why he never raised this with plaintiff (or the Court) given that this case was started in August 2022.

Mr. Marcus then describes that he later noticed that emails were still being permanently deleted in August 2024 (which was about seven months after this Court issued a decision ordering the production of documents in January 2024) and asked this unnamed IT company to let him access the archived files. No affidavits were included from this IT company describing the precise nature of this deletion issue. Mr. Marcus did not describe what efforts were undertaken to retrieve deleted emails, how many emails were actually lost, and whether the deleted emails were related to this case. And so this Court is left with a vague description of an

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**        **Page 4 of 8**
  **Motion No.  018**

[* 4]

4 of 8

email deletion issue that has ostensibly plagued Moving Defendants throughout the pendency of this litigation that was not disclosed until the instant motion. Suffice to say, that does not constitute a reasonable excuse for Moving Defendants' repeated failures to comply with their discovery obligations.

The Court is well aware that technological issues, such as data breaches, can result in the loss of files that might have been relevant to a litigation. But the proper action is to disclose these issues to an adversary and the Court as soon as possible and to engage an IT expert to explain the precise scope of the problem so that the Court can conduct an informed evaluation and fashion an appropriate remedy. Here, Moving Defendants neglected to raise this issue until nearly three years into the litigation and the Court is still unable to grasp the full nature of the issue from Moving Defendants' papers.

But the Court's concerns do not end there. Plaintiff pointed out that NYSCEF Doc. No. 371, a part of the Moving Defendants' supplemental production in February 2025, is missing a key exhibit. This document is a copy of an email from plaintiff to former attorneys for Ms. Stewart and purportedly contained three exhibits (exhibits A, B, and C). Plaintiff contends that exhibit B was a copy of the restraining notice and it correctly observes in opposition that only Exhibits A and C were included in NYSCEF Doc. No. 371. When addressing this issue in reply, Mr. Marcus contends that "With respect to Exhibit B, if that attachment was inadvertently omitted in a prior submission, it was not intentional. I provided all relevant exhibits to counsel, and any oversight was unintentional. Moreover, the corresponding email identified the attachment, so the substance was not withheld. It is also notable that Plaintiff, who had the same email and attachment, chose not to produce it earlier in this litigation" (NYSCEF Doc. No. 429, ¶ 6).

652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 5 of 8
Motion No.  018

5 of 8

This is not a sufficient response to the omission of a key exhibit. Moving Defendants did not include any evidence that there was an oversight or that they actually possess this document—for instance, Moving Defendants did not attach a copy of this exhibit to their reply papers to show there was an oversight. Instead, the Court is once again left with a conclusory claim that all documents have been provided without a specific explanation for what happened to a key exhibit that should have been produced and was not.

Plaintiff also argues that another document produced is missing key information. NYSCEF Doc. No. 376 contains a fragment of an email that says "WE MUST TALK" [emphasis in original] in response to an email from plaintiff. The subject and the recipients are omitted from this document (*id*.). And yet Moving Defendants did not adequately address this issue in reply.

Plaintiff also points to Request for Production #19, which concerns the distribution income received by the partners of Marcus and Cinelli, LLP. Plaintiff claims it wants to know where the money from the ring sale went and how it was distributed to the partners at the firm. Plaintiff insists that it has not received any documents about this issue despite the fact that the Court ordered such documents to be produced. Mr. Marcus' response in reply is to emphasize that Moving Defendant produced "the M&C partnership agreements, which include the formula for calculating partner entitlements" (NYSCEF Doc. No. 429, ¶ 5). Of course, that response is wholly inadequate. Plaintiff is interested in details about the distribution of the ring sale proceeds, not solely the formula used for calculating distributions. This apparent belated effort to limit the scope of this discovery request does not support a motion to vacate.

**Summary**

The Court acknowledges that striking an answer is a drastic remedy that should only be used sparingly. It is axiomatic that this state has a strong public policy of ensuring that cases are decided on the merits. That is why this Court invited Moving Defendants to make a motion to vacate that addressed their failure to comply with their discovery obligations. Unfortunately, Moving Defendants did not meet their burden on this motion to justify vacatur of the Court's order. Instead, it raised additional serious concerns about the Moving Defendants' conduct concerning discovery. For the first time, they claim that some unknown number of emails were deleted and they failed to explain why they didn't bother to mention this earlier. The disclosure of this amorphous IT issue is simply too convenient, too vague and too late to justify granting the instant motion. And Moving Defendants failed to turn over key information about partnership distributions, bank statements or explain why other documents were missing exhibits. The failure to produce bank account records and partnership distributions clearly has nothing to do with the purported IT issues.

Moving Defendants are right that no document production will be perfect and, certainly, documents might occasionally be inadvertently lost or deleted. But in the context of this case, Moving Defendants were tasked with convincing this Court that they made every effort to comply with Court orders and to fully explain the many gaps in their production. They wholly failed to do that and, instead, new concerning issues were raised.

Accordingly, it is hereby

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 7 of 8**
**Motion No.  018**

[* 7]

7 of 8

ORDERED that defendants Marcus & Cinelli LLP and David P. Marcus's motion is denied in its entirety.

See NYSCEF Doc. No. 434 regarding the next conference.

| 5/19/2025 | | | ARLENE P. BLUTH, J.S.C. | |
|---|---|---|---|---|
| **DATE** | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**          **Page 8 of 8**
**Motion No.  018**

8 of 8

[* 8]